Thank you, Your Honor. May it please the court, Richard Simpson on behalf of Continental Casualty Company. I'd like to reserve five minutes for rebuttal. This court and other courts of appeals have all held that a remand order, a district court may not act sua sponte in remanding a case based on a procedural defect in removal. The Seventh Circuit, in its case, reaching that conclusion, Judge Easterbrook, put it very well when he said, this is an honorary Continental Casualty Company, quick action without inviting the party of submissions may illustrate the adage that haste makes waste. This court- The only thing that bothered, the thing that bothered, it's a little more complicated, I think, than you say, because there's a lot of interacting precedent on this. And apparently, my understanding, if I get this factually correct, the district judge here, sua sponte did this, parties didn't have any chance to respond, and on the same day that the sua sponte was done, sent the remand that same day, so it's gone. Well, that's correct. So I think that this same judge in the past, I think on Arias, we reversed for this, the same judge seems to have a fairly high standard of what he wants to see in pleadings that I think there are other cases besides Arias where they've been reversed and saying, well, no, you've got the parties don't have to make that kind of showing, or no, you have to give them a chance. And so my question, if we were to hold that we could not review the remand order, is there any other way that Continental could seek to invoke federal court jurisdiction? Because my understanding here, it's absolutely undisputed that the amount is over $75,000, even though there's a grace limit, and you include that it meets that, but you don't give any specifics. And apparently, and you're not given an opportunity to add more to it. Yes, Your Honor. And if you look at, and you're correct, several of the cases in this same district court, if you look at the order here, and in particular, the order on our motion for rule 59 motion, it's apparent that the district court made a determination that it in fact lacked jurisdiction because the Amalian controversy requirement had not been satisfied. And then the district court after that ruled on something else, right? Well, initially the judge Sua Sponte remanded, issued a remand order without notice to the parties. We then made a rule 59 motion, putting in additional evidence and putting in a stipulation of parties to show that in fact, the Amalian controversy was easily satisfied. At that point on the reconsideration of rule 59 motion, it's not reconsideration, it's rule 59. The judge held, he didn't question that. In fact, the Amalian controversy was met, but he said, I can't review that because of 1447D. It becomes unreviewable once it's been remanded. And so- What about the Seidman case? That's the one that I think gets into the most trouble here. Yes. And I want to address that and we appreciate the court flagging that case and then the Carlisle case in the order last week. The Seidman case refers to the act of mailing a remand, mailing a certified copy of the remand order to state court as a significant- It did happen. And the key thing is that if you look in Seidman, the reason the mailing was important was that the district judge realized he had made a mistake. He had made a miscalculation on whether the case had been timely removed. And this was before a motion was required out of procedural type of that defect. And so the judge was trying to correct his own mistake. What Seidman held was that once the remand order had been mailed, the judge could no longer correct the mistake for any grounds and instead the mailing, what that did was to trigger 1447D. And the issue became under 1447D, may the court review the order? And this court held that, no, it was not reviewable. If it had not been mailed- If that mailing is akin to our issuance of a mandate after we've decided a case on appeal, the legal significance of that, as you know, is that it relinquishes jurisdiction in the court of appeals and returns it to the district court. So by analogy here, wouldn't we say that the certification by the clerk of the central district of California, that this is the order of remand, which was then delivered to the clerk of the superior court of Los Angeles County is akin to the issuance of a mandate by the district court saying, I no longer have jurisdiction over this case. If that's true, shouldn't the district court have simply refused to consider your rule 59 motion because it had no jurisdiction at that point to do anything? No, your honor. The mailing of it is significant in that it triggers 1447D, which means it limits reviewability. But in tone, the talismanic incantation, I am remanding because I have no subject matter jurisdiction. Yes. The state law says, even if he's wrong in making that declaration, we don't have jurisdiction under 1447 to review it. And I'm having a really tough time. I would like to get where you want me to go, but I'm just having a tough time in light of this case law, trying to decide what, if anything, we can do now. Go ahead. No, I'm sorry. In terms of the significance of mailing, I did want to direct the court's attention to a case, one of your decisions, a ninth circuit decision. That's right on point on the fact that the mailing is not the key issue. And that case is Flom v. Flom. This is not in our brief because it's in response to Seidman. I did alert opposing counsel that we'd be citing it. That's Flom v. Flom, 788F31043, 2015. In that case, a magistrate entered a remand order and mailed it, certified copies sent to the state court. There was then an appeal to the district judge. The district judge said, I can't consider this because it's already been mailed. The remand order has been mailed. On appeal to this court, this court said, no, that's wrong. The mailing simply means that 1447D is triggered and we can review whether the court had authority to issue the remand order, not the merits of it, but did have authority, and this court held that a magistrate judge does not have authority to issue a remand order. And so even though the remand order recited that it was based on a finding of no jurisdiction, and in fact, it was based on a finding of no jurisdiction, that because the magistrate had no authority to issue it, that this court could vacate the remand order. But clearly a district judge has the authority. The question is, how can we look behind his statement that I am remanding because I lack subject matter jurisdiction, even though we all know he was wrong because he didn't think the amount of controversy was sufficiently pled at 75,000 or more. Yes. And the question, and it becomes analytically, I think it's clear, and this court's decision in Lively is helpful on this. This court can't review whether he was right or he was wrong. If it's a merit, you can't get there. But you can review, did he act lawfully in how he made the decision? Did he have authority to make the decision? And here he decided that the amount in controversy was not met. He decided that based on the face of the notice of removal. And one thing I'd like to emphasize, our brief talks about the cases saying that amount in controversy has to be determined on the evidence and not the pleading, but what we didn't emphasize sufficiently is that section 1446 on its face, and this is subsection C to capital B, it specifies that when a case is removed, as was here, based on an allegation that the amount in controversy is satisfied. Removal of the action is proper on the basis of an amount in controversy asserted under subparagraph A, which is where we are. If the district court finds by the preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332 A. So that's the 75,000. The court has to find it by a preponderance of the evidence. And all we have is his statement that he thought that the amount of controversy was $25,000 because that's the jurisdictional limit in superior court. Well, and he also said that Continental has alleged that there was a settlement demand over 75,000, but that may not be conclusive, but the critical distinction is the issue before this court is not, was he was right or wrong, which he was wrong, but did he follow a permissible procedure? Council, what he should have done, I think you'll agree, is he should have issued an order to show cause why the case should not be dismissed for lack of jurisdiction and given you an opportunity and the plaintiffs to the extent that they wanted to resist being in federal court, the opportunity to establish that it was 75,000. And after, after he had reviewed what you ultimately submitted on under your rule 59 motion, that would have met the statutory standard by a preponderance of the evidence that more than 75,000 was in, in controversy. So, okay. So he should have done that, right? Yes. So would you say that his failure to do that is the procedural misstep? And I realized I'm using a lot of loaded terms here that the court seemed to focus on, I think, yes, because what all the cases say that this court can't review the merits of the decision, but it can review the process, whether a lawful procedure, whether the court had authority to issue it. So just like, I think it's kind of a process argument. It's like, I can't get up one day and say, I have way too many cases. And so I really want to clean these things. I want to clean things out. So I am just going to just send cases back and your complaint says it's over $75,000. So, but yeah, but there's, so it does, there is evidence of that. If, um, so I think it's a due process thing saying like, what does maybe a chance to, before it's gone. Exactly. We do mention the due process issue in our brief, but if, if, if the district court follows a permissible procedure, there's no due process issue because there'll always be that notice and opportunity to be heard. And so what this court can review is not the, was the amount met or not? Although we obviously know that it was not, it was in fact met. What this court can review is whether the, um, what this court can review is whether the process the district court followed is permissible and it clearly is not because your honor said, there's no question what the judge did here. He made the factual determination of the amount of controversy from the face of the notice of removal without looking at anything else. And section 1446, uh, 2C, 2B, which I just read said, he can't do that. He has to take evidence. And it's the fact that he followed the wrong procedure that this court can review and because he followed an impermissible procedure. So do you think this is like the fourth circuit decision in Ellenberg, which I think Judge Niemeyer described as a conceptual antecedent that somehow preserves our ability to review? I'm not quite sure. I understand what that means, but I like his formulation better. Yes. I mean, I think, and Ellenberg is right on point. The two district judges did exactly the same thing, which was to decide amount and controversy from the face of a notice of removal. This, and what Judge Niemeyer was saying, as I understood it, was a court can't do that, a district court can't do that. If the amount is alleged, you have to allow evidence. And that, that is why, and the appellate court can review whether the procedure was appropriate or lawful. And courts just can't do whatever they want. I mean, if the judge makes a mistake on the merits of amount and controversy, a mistake, but the court, as your honor indicated, the court can't get up and say, you know, I don't want these cases on my docket, I'm just going to use the remanded, you have to go through the process. And that, that's, that's the critical thing. What this court needs, can review is, is this procedure permissible when the statute says you make a finding by preponderance of the evidence and the district court unquestionably decided based on the face of a notice of removal. I see, I've gone beyond my time. If there are additional questions. It don't appear to be, if after we hear from the appellee, if either of my colleagues have any additional questions, I'll give you a brief rebuttal. It just depends. Thank you, your honor. All right. We'll go with the appellee. Thank you. Good afternoon. Kayla Robinson for the Academy of Country Music. I'd like to work backwards through a couple of points that have just come up. First thing with respect to the newly raised about what 1446 says. I don't think that Mr. Simpson can be correct on that point, because if you read, first of all, looking at the text of section 1446, it, it sends you to the court determining by preponderance of the evidence, only if amounting controversy is actually alleged. This is your judges. Okay. And I'm just going to say, like, let's say hypothetically, suppose the district judge looking only at the notice of removal, issued a remand order stating it, um, black subject matter jurisdiction, because there was the wrong font. Okay. That's the wrong font. Would such an order be reviewable? Uh, it would. That's the third Tron case, your honor, the way in which the court said the district court in that case said, uh, basically I'm too busy. I don't have enough time to, to give adequate consideration to this case. Get out of here. And what the Supreme. Why this isn't since everyone agrees, it's over $75,000. That's not that your side even stipulates it's over $75,000. It says over 75. And it looks to me like the district court's just given the thumb of the nose here saying like, Hey, I don't want this. And I'm going to, I'm going to get, I'm going to send it right back today. So the appellate court can't look at it. As a prudential matter, there may have been a better way to handle this. Um, we're not disputing that. However, I think it's a prudential matter, your honor. And, and I go back to, we don't really like unfairness. You know, we try not to flip coins and throw darts and decide cases that way. We kind of, or, or we try not to get up and say, gosh, I have way too many cases. Let me look at the ways I can get rid of some of them. Whether, you know, I mean, that's what it looks like here. Well, but of course, I mean, I think I heard, uh, council, uh, concede that what the district court said that it was doing was dismissing on the basis of lack of jurisdiction and why in the 59 E order, it said I'm no longer have jurisdiction because I previously remanded for lack of jurisdiction. And that's actually very important under both this circuit's precedent and Supreme court precedent event. What the district court said it was doing is actually a key to Ellenberg and a reason why Ellenberg is not on point. The fourth circuit takes pains to discuss what the district court said that it was doing and says, I think, uh, at least six or seven times, the district court did not say that it was remanding on the basis of lack of jurisdiction, which of course is exactly the opposite to here. And what smart as judges sometimes when we figure things out and sometimes we can run and we can hide and, you know, sending that remand out exactly at the same time too. It just, it doesn't, you know, and Sue is faunting that doesn't even give the, it, it's, it, it just smacks of unfairness. I think that there, and if you were on the other side of it, you wouldn't like it very much. No, I wouldn't your honor. Uh, but what do we do about, let me, let me ask a very practical question. Has anything happened in the state superior court since the remand? Well, very little because stay order in place or anything like that. There's no stay order in place. Uh, the parties have dipped their toes into discovery, but we haven't proceeded very far, both because we lost our place in line as it were due to being removed. Um, the state court took us off of calendar and it took us some time to get back on track. And, you know, now, uh, we're in this precarious situation where we don't want to proceed to, um, motion practice or anything potentially dispositive. And then have that all be, um, a waste of time if it turns out that well, but, but you're, you're beyond the stage where continental could simply come in and file another removal petition. The statute doesn't contemplate that. Uh, I, I think that's correct. Um, you have to do it in a certain period of time in the times. Well, if the federal district court has no jurisdiction at this point, then what do we order the district court to do that? It has the authority to do. Um, I mean, it's almost in the nature of a writ of mandamus to the court of appeals, directing the district court to do what it issue an order directed. To the clerk of the superior court of Los Angeles County saying my bad, send it back. I think that the options at this point are regardless of any unfairness that in here's any circumstances, I think the options at this point are, are pretty limited because of the statutory structure and because of the judicial gloss on those statutes, the statute, and just, this goes back to judge your point about due process. The statute actually, uh, appears to 1447 C appears to sanction dismissal on the basis of pleadings. Um, and you know, I certainly was taught in law school that be very careful, uh, to assert your jurisdictional basis when you want to be, but what do they assert? They assert 75,000, right? They assert the proper pleadings that district court on its own without the input decides what they must have meant. 25. Uh, the, the district court, I think disregarded the ultimate allegation there, the sort of, uh, elemental allegation based on the underpinnings that, uh, basically said there weren't enough building blocks here, but even if the district court is wrong on that point, the district court has the authority at any time during the litigation to ask itself, is there a basis for federal jurisdiction here? And rightly or wrongly, the district court looked at it and said, I don't think that simply alleging 75,000 or more is enough, therefore I'm dismissing for lack of subject matter jurisdiction, which then raises the question. I think you were starting to open with, and that is, but 1446 tells us that if the district court can conclude by preponderance of the evidence that the The problem is he didn't have any evidence before him at the time that he ruled, all he had was an allegation. Well, so let's, um, just stepping back for a second. What, what Continental is proposing is that basically you don't need to allege a jurisdictional basis. Uh, if it's not in the complaint, um, you don't need to allege one because you just get to come to court. And then if the district court goes, oh, it appears that I don't have The district court has to request and consider evidence at that point. And I don't think that that can be right. Um, both because that's just generally not how litigation is done. You don't fail to allege, uh, the predicate for your lawsuit and then get another bite at the apple. But also I think this is the dark case. So if you look at what the dark case said, it said, look, allegations are absolutely fine. And, uh, DART was, uh, expressly concerned with 1446, albeit, um, in the class action fairness context. Um, but what DART says is just allege your jurisdictional basis. The court should take that, uh, as, as the jurisdictional basis, unless it's challenged, unless those allegations are challenged. And I think Kappa has a presumption, doesn't it? That doesn't exist under normal diversity jurisdiction. The presumption is that if the amount of controversy is more than $5 million, then the case is properly removable. Right. So that would be a reason to read, uh, I mean, read DART as I think the, the analysis of 1446 still stands, right? Those, those statutes are the same, whether in a mine run diversity case or whether a class, I go back to the question I asked you earlier, how can it, how can a judge as fact finder apply a preponderance of the evidence standard to, to a pleading as opposed to evidence in support of the allegation that's pled. I don't think the judge was acting as fact finder. I think the judge was assessing the allegations and found that they didn't plausibly state, uh, the amount in controversy. But what more does, what more does a litigant have to a veer than the amount of controversy exceeds $75,000. I, in order to meet rule eight, short and plain statement standard. That goes to the substance of what the district court did. The district court cited the right standard here. I think if you look at the opinion, it was in the ballpark of all the things, all the factors it was supposed to consider it cited to all of the allegations in the notice of removal that could plausibly, and in the complaint that could plausibly support amount in controversy, and then what especially disputing is that the district court got it wrong. The district court standard was too high. And that's a point raised by the panel too, is that the district court is applying this high and inappropriate standard, but the only thing that this report had before it was an allegation of 75,000 and a statement that the point of had previously made a settlement demand in excess of that could the court have come to the opposite conclusion? So I don't think that the preponderance of the evidence standard applies. Uh, it doesn't make sense to apply a preponderance of the evidence standard to a pleading. I, I don't think that that is what the statute is saying. I think, uh, the allegation stage gets taken care of before we even get to the preponderance of the evidence. So, uh, first step is you have to actually allege the amount in controversy. The district court here, which they did well, but the district court said that they didn't, your honor. And I think we have to, uh, put a pin in that just for purposes of considering this court's jurisdiction. Uh, because what the district counsel, let me ask you a different question. What should continental have pled besides there's more than 75,000 at issue. Uh, we're not arguing that, uh, the court should adopt the district court's pleading standard or otherwise sanction a higher pleading standard. So you, you would concede that that is sufficient under rule eight to meet federal notice pleading standard. It, it merely needs to be short and plain. Yes. That's, that's right. Your honor. Okay. So the answer to my question is yes, it's sufficient. So then throw in sui sponte that doesn't, that creates another layer. Okay. Right. This case makes my head. I mean, your honor, just, just, just briefly. I I'd like to, I mean, it, it makes my head hurt as well. To be honest, I've read and reread these cases. It's hard. It's hard to pull them together, but, but really what continental is saying is the district court, uh, couldn't dismiss on the basis of the pleadings here, because that's a procedural decision, but then they distinguish certain cases and including the Atkins case, which is a recent case of this court unpublished, but very similar here. Uh, the Atkins case, uh, was also sui sponte, but, but even if it weren't sui sponte, uh, you can't say that, well, it's okay when the court acts, uh, dismisses on the pleadings on the basis of, uh, of a motion of a party, but not on the court's own motion. Then it's not really anything about the nature of the dismissing on the basis of the pleadings. That's not the issue. The issue is the court acting sui sponte. So where that gets us is then we're in the world where this is actually, we're construing a defect in a pleading as a defect in, uh, in removal procedure. Right. And that gets us to the first, that first clause of 1447 C. Had you objected, then the court would have given continental presumably an opportunity to respond to your objection. But actually your honor, it, I think continentals initial point based on the class action fairness act cases, dark and Arias, et cetera, uh, provide a, well, so if we assume that this is procedural, which is why this court can review it, then it's a defect in removal procedure, which we as the plaintiff would get to raise and on the basis of it being a defect in removal procedure, not a jurisdictional issue, we might be entitled to remand if the district court said, yes, I agree that that's a defect in removal procedure. Right. But what continental is saying is not, uh, not that, well, you can raise that if you're a party, but not if you're at the court, they're saying if anybody raises it, we get another bite at the apple and I'm not, what if it said, I don't like, um, what's is it? Mr. Simpson. If the judge said, I don't like Mr. Simpson, he really annoyed me the last time he was here. And so I'm going to send that back and I'm going to send it back today. I think again, judge Callahan, that's thermotron. So this court would be able to review. Also, it goes to the color of colorable Ness colorability standard that's been imported into some of these cases that, you know, courts have said, if we can review, including the, the Demartini case, good explanation of this, if we can review a court's district court's decision at all, but essentially he has a wrong standard, he has a wrong standard. But if, if in fact staying at $75,000 and meets the pleading standard, but the judge decides, well, I have a different standard of people, if people want to be in front of me, they don't, they don't just have to meet the normal pleading standards. They have a different standard. They have to meet. Why isn't that thermo, thermo, whatever. Thermotron. Um, well, you know, I think the appropriate Avenue, your honor, if there is a, uh, a judge who was acting ultra virus, it may not be trying to squish a particular exception into the statutory and case law structure, but I mean, maybe, maybe discipline, maybe some other lever of local rules or some sort of administrative proposing a role to Congress to fix this. I don't know that there is much room for the court to fix it in, in the paradigm that were presented. Well, I suppose we could, we could write an opinion that says ultimately we lack jurisdiction to review this matter, but then go on to explain at some length. What the district court should have done in the hope that the next time around the district judge will do it. Right. And I think that would be appropriate in this court's, uh, supervisory capacity. Generally district courts like to do what the court of appeals says, even if they're not required to do that. So I think that, that might be an appropriate approach. But what if I thought the district court knew that already and the district court decided I'm, I'm gonna, I'm going to hide this one. Okay. That's that because I mean, I've reversed the same district judge saying you're not getting your pleading standards, right. Okay. And that he didn't know I'm going to be on this case, but by the same token. That's, uh, I think it's telling though, that there isn't any basis for what Continental is saying the procedure should have been, it's actually tricky to find what a district court, you know, I, I for one was taught in law school that you can dismiss on the basis of, you can remand for lack of jurisdiction on the basis of pleading, but that's, uh, completely okay. So that's a disfavored without giving the parties any opportunity to explain why you may be wrong. Well, there's no, there is no case law that says that, uh, that that's the rule. I think maybe as a matter of practice, judges want to get these things, right. Want, don't want to end up in a, in a circumstance in which they, you know, everybody's hands are bound, but we want to correct this issue. Um, you know, I, I actually go back to judge Hellman earlier. You raised the, uh, issuance of the mandate as a, as a potential analogy for, um, certifying to state court. And there are equitable exceptions to the, uh, to enable the court to recall the mandate, which I haven't been able to find and Continental hasn't cited any equitable exceptions. Um, and the Seidman case seems to cut against that. Um, if you roll for a year, aren't we just laying out a roadmap for district courts to insulate itself from any appellate review by just saying I ruled on subject matter, jurisdiction, once they say that, then essentially they've healed themselves from any appellate review. Um, well, I, I don't know that that's entirely correct. If it would be like abuse of discretion. Um, sometimes you just get a, a, uh, decision of the district court. That's reviewable on an abuse of discretion standard. And you say, did you consider all of these factors and you're not given much. So if the court, you know, lays out the right factors and then says the magic words, then I, I think that that's a, a general, uh, generally accepted approach to, I think we've learned to do that and accept that, but it's hard to accept if you don't think that if, if you think that they just aren't, they know that they're doing it wrong and they're trying to hide from you, that doesn't, that doesn't have the same acceptability as I don't agree. But do any additional questions of, uh, Ms. Robinson? Okay. We've gone over if Mr. Simpson, if you want to take a minute. Yes, just, just very briefly on, on a couple of points. One is this court, what this court can review is whether the district court could act on these facts, this circumstance, sua sponte. And if acting sua sponte was not permissible, then it can vacate the remand order and, and the section of 1446 that I cited, this decision is to be made by a preponderance of the evidence, not on the pleading. So it was just wrong. Ellenberg from the fourth circuit is directly on point and this court can reverse for the same reason in Ellenberg. And then I'm not so sure Mr. Simpson, I tend to agree with Ms. Robinson that the fourth circuit went out of its way to point out that the district judge in that case had not cited subject matter jurisdiction as the dismissal and the way that statute is worded in the Supreme court has interpreted it, it almost does seem like if you intone those words, that that adds a layer of non reviewability by the court of appeals because of the statutory exemption. I don't think it does for a couple of reasons. One of them are the cases that Ms. Robinson referred to noting that it has to be colorable. That the state, they're not magic words with the court, as long as it says I'm remanding for lack of jurisdiction, it can do whatever it wants. It has to be colorable. And here, unless the words are truly magic words, what happened in Ellenberg is exactly the same thing that happened here. It's a totally indistinguishable and, and, and as, as a result, I mean, the, the only way the result can, can be different is if the use of the magic words I'm removing, I'm remanding based on a finding there was no jurisdiction. That's what the judge said on reconsideration. He said, we don't know in Ellenberg whether there was a, a stay request while the appeal went forward, do we? I don't, you're right. There's nothing to indicate there was, but I do want to address that point. I think it's critical because this court, the fact that the remand order was mailed does not deprive this court of the right to vacate it if it concludes it was erroneous. The mailing is not magic. And just by way of example, What do you want the district court to issue? An order to whom? Saying, bring it back. What, and this has come up all of these cases we've cited in which courts of appeals have reversed and directed vacating a remand order. What happens is the district court vacates the remand order and gives notice to the district court. So for example, as I mentioned, it's the Superior Court, I'm sorry. In Flam v. Flam, which I cited earlier in the argument, the district court had said, look, it's been mailed. I don't have ability to review it. And this court said, nope, we're vacating the order. In the Lively case in our brief, this court vacated an order, no indication of a stay. Kelton Arms, same thing. Corona Conterras, same thing. What the court, and the Seventh Circuit case, I said, all these cases where appellate courts conclude that they can review, they directed the order be vacated. And here the case went to the Superior Court, as Ms. Robinson indicated. We have an extended schedule where the discovery cutoff isn't until sometime in 2022. We alerted the court to the pendency of this appeal and noted that we'd object to any decision on the merits, but that we didn't object to the discovery being done. But this court absolutely can vacate the order if it finds that 1447D does not preclude review. So the issue is, did the district court use a lawful procedure when it acted sua sponte? And if this court concludes it did not, then just like in Kelton Arms, where it found, Kelton Arms, the court recited, this case was not removable, but because it was done sua sponte, this court found it could vacate. And so for that- How do we get around the decision in Seidman? The what, Your Honor? How do we get around Seidman? Why are we not in the house? Because Seidman, as I mentioned there, the reason the mailing was significant there was the judge wanted to change his mind. He decided, he decided, I made a mistake, I want to change it. Yeah, but we're changing Judge Klausner's mind for him. Well, but then this court in Flam addressed exactly that and said, we can change the district court's mind for him. Let me read you the sentence out of, this is Seidman 837F2nd at 414, 415. A remand order returns the case to the state courts, and the federal court has no power to retrieve it. As the statute makes clear, if the remand order is based on section 1447C, a district court has no power to correct or vacate it. We now so hold after certification to the state court, a federal court cannot vacate a remand order issued under section 1447C. Why am I not bound by that precedent in the Ninth Circuit? Because the other cases like Flam, Lively, Kelton Arms, Corona-Conterras all say, if it's truly a 1447C remand, it can't be reviewable. But this court can review whether, you can't read the merits of the remand, but this court can review the procedure by which the decision was made. So for example, in Flam, for example, a decision by a magistrate, it recited that there's no subject matter jurisdiction. It might even have been right. It found it on the merits, but this court said a magistrate judge doesn't have authority to do it and therefore we can vacate it. Similarly, in the other cases that I mentioned, 1447D doesn't bar review of questions antecedent to the decision on the merits. Like in Lively, whether in Lively, this court can reverse the same district judge here. This judge had remanded sua sponte saying the forum defendant rule is jurisdictional. This court said, we can't review. He used the magic words. I'm remanding based on lack of subject matter jurisdiction, but this court said, we're not bound by the magic words. We can look at the antecedent question of whether forum defendant rule is jurisdictional and it's not. So that's the key is this court can look at was a permissible procedure used. And if remanding sua sponte was not procedurally proper, then 1447D doesn't bar review. And if we conclude that his decision was colorable under the failure to satisfactorily allege 75,000. I think on that point, it's not colorable that he was making a finding of fact by a permissible procedure. Because we have before us everything he had before him, which is simply not colorable that he could make a finding of fact that the amount of controversy wasn't satisfied. When in fact, the statute says you take evidence, he never took it. We know what he did and what he did is not permissible. Okay. Thank you both for your argument. This matter will stand submitted and the court will be in recess until tomorrow at one.
judges: Tallman, Callahan, Lee